```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
ISTITHMAR WORLD PJSC,               :
                                    :
                Petitioner,         :
                                    :
     -v.-                           :      12 Civ. 7472 (JFK)
                                    :      OPINION & ORDER
JOHN F. AMATO,                      :
FELIX P. HERLIHY,                   :
                                    :
                Respondents.        :
----------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan. 7, 2013
```

APPEARANCES:

    For Petitioner Istithmar World PJSC:
    Theodore O. Rogers, Jr., Esq.
    Robin D. Fessel, Esq.
    SULLIVAN & CROMWELL LLP

    For Respondents John F. Amato and Felix P. Herlihy:
    Allan J. Arffa, Esq.
    Maria H. Keane, Esq.
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

**John F. Keenan, United States District Judge:**

Before the Court is Petitioner Istithmar World PJSC's ("Petitioner" or "Istithmar") petition to confirm the award (the "Award") arising out of the arbitration proceedings initiated against Istithmar by Respondents John F. Amato and Felix Herlihy (together, "Respondents"). Also before the Court is Respondents' cross-petition seeking leave to file their arbitral post-trial brief in the public docket for this case, or in the alternative, an order placing the Award under seal. For the reasons that follow, Istithmar's petition is granted and Respondents' cross-petition is denied as to both requests.

### I.  Background

Respondents, both of whom had a background in the financial services industry, entered into employment agreements with Petitioner on September 11, 2006.  The contracts call for employment disputes to be resolved by arbitration, and that any court of competent jurisdiction may enter judgment on the Award.  On July 8, 2009, Respondents sent their supervisor at Istithmar a joint letter stating that they were resigning "for Good Reason" pursuant to their contracts.  Istithmar paid Respondents severance of "more than $1 million plus the benefits" called for under the contracts. (Pet. Ex. C. at 1, 4-6.)

One year later, Respondents filed a demand for arbitration, alleging breach of contract.  They sought additional compensation as well as other damages.  The arbitrator, who was assigned to the parties by a division of the American Arbitration Association, conducted a hearing and issued the aforementioned Award denying Respondent's claims on March 15, 2012. (Pet. ¶¶ 6-9.)  Petitioner now asks this Court to confirm the Award and enter judgment in its favor.

Respondents do not oppose confirmation of the Award, but do object to Petitioner's filing of the Award in the public docket.  Respondents claim that the filing breached a confidentiality stipulation entered into by the parties on March 18, 2011.  In a

cross-petition filed on November 14, 2012, Respondents seek an order granting them leave to place in the public docket the post-trial brief that they prepared for the arbitrator prior to her Award.  Alternatively, Respondents request that the Award be removed from the docket and placed under seal. (Cross-Pet. ¶¶ 1, 7.)  The cross-petition also asserts that Respondents offered to release their claims in exchange for the Award being sealed, but that Petitioners rejected this offer. (Id. ¶ 27.)

In an answer to Respondents' cross-petition dated November 28, 2012, Petitioner argues that the Award does not constitute "confidential information" under the parties' confidentiality stipulation.  Petitioner admits that it rejected Respondents' offer to release all claims in exchange for sealing the Award, but states that it wants judicial confirmation of the Award to be in the public record "to ensure its res judicata effect." (Pet'r Ans. ¶¶ 23, 27.)  Petitioner notes that it offered to redact portions of the Award, but that Respondents did not identify any portions for redaction. (Id.)  The answer also adds Petitioner's request for "costs and fees incurred in defending against Respondents' baseless claims." (Id. at 7.)

Petitioner then filed a "Reply to Answer to Petition" on December 4, 2012.  Here it repeats its position that the Award is not subject to the confidentiality stipulation, and further

3

represents that the Award does not contain confidential discovery material. (Pet'r Reply at 2-3.)  Petitioner also urges that Respondent has not overcome the strong presumption of public access that applies to arbitration awards. (Id. at 9-11.)

Finally, Respondents filed a reply in support of their cross-petition on December 5, 2012.  In it, they urge that allowing them to file their post-trial brief in the docket would be appropriate, and suggest that they could redact portions of it to assuage concerns about confidential information, or alternatively that Petitioner could also be permitted to file their own post-trial brief. (Resp. Reply at 3-4.) Alternatively, Respondents contend that the Award contains private information about them, such that they are justified in requesting that it be sealed, and they maintain that the underlying information referenced in the Award is covered by the confidentiality stipulation. (Id. at 6-8.)

## II.  Discussion

### a.  The Confidentiality Stipulation

The confidentiality stipulation between the parties purports to cover "the handling of all information contained in documents, recordings, testimony, exhibits, and any other written, recorded or graphic matter . . . produced or obtained by any party in connection with this proceeding." (Cross-Pet.

Ex. C at 1.)  The agreement calls for confidential information to be stamped as such by the party seeking to protect it. (<u>Id.</u> ¶ 2(b).)  It also directs that

> [p]rior to disclosing Confidential Information to any court in connection with any motion or application relating to the Proceeding, the party intending to file such information shall, to the extent practicable, give the producing party 10 days notice to allow the producing party to seek an appropriate order to preserve confidentiality.

(<u>Id.</u> ¶ 6.)

The parties strenuously disagree as to whether the Award is subject to the confidentiality stipulation.  In their cross-petition, Respondents assert that Petitioners violated the stipulation by publicly filing the Award without giving them advance notice.  They argue that the stipulation covers not only discovery material, but also the information contained therein.  Because this information is discussed at length in the Award, Respondents claim that this makes the Award subject to the stipulation.  Petitioners respond that filing the Award publicly is not a breach of the stipulation, because the stipulation covers only material that has been specifically marked as confidential by a party.

The Court concludes that it need not decide whether the confidentiality stipulation covers the Award, because the Court is not a party to the stipulation and is not bound to it. <u>See, e.g.</u>, <u>Century Indem. Co. v. Axa Belgium</u>, No. 11 Civ. 7263, 2012

5

WL 4354816, at *14 (S.D.N.Y. Sept. 24, 2012); see also Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., No. 12 Civ. 3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("Respondents may have an action for breach of contract against [Petitioner] for its alleged failure to adhere to its obligations under the confidentiality agreement — the Court makes no finding whatsoever on that question.").

### b. Sealing of the Award

There is a strong presumption that judicial proceedings and documents are a matter of public record. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006); Jessup v. Luther, 277 F.3d 926, 927–28 (7th Cir. 2002). Disputants may be drawn to arbitration out of a desire for privacy, but once one side seeks judicial confirmation of an arbitral award, that petition as well as the underlying award become "judicial documents" to which the common law right of access is presumed to attach. See Century Indem. Co., 2012 WL 4354816, at *13 (citations omitted). The Court must therefore determine whether the party seeking to seal the records has rebutted the strong presumption of access. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978)); Mut. Marine Office, Inc. v. Transfercom Ltd., No. 08 Civ. 10367, 2009

WL 1025965, at *5 (S.D.N.Y. Apr. 15, 2009) (noting that the party seeking the seal "must offer specific facts 'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" (citing Lugosch, 435 F.3d at 120)).

Courts in this district have generally been loath to seal arbitration awards. See Century Indem. Co., 2012 WL 4354816; Aioi Nissay Dowa Ins. Co., 2012 WL 3583176; Alexandria Real Estate Equities, Inc. v. Fair, No. 11 Civ. 3694, 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011); Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 Civ. 698, 2010 WL 3958791 (S.D.N.Y. Sept. 23, 2010); In re Faiveley Transp. Malmo AB, No. 08 Civ. 3330, 2010 WL 8946362 (May 10, 2010); Scott D. Boras, Inc. v. Sheffield, No. 09 Civ. 8369, 2009 WL 3444937 (S.D.N.Y. Oct. 26, 2009); Mut. Marine Office, 2009 WL 1025965; Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., Nos. 07 Civ. 8196, 07 Civ. 8350, 2008 WL 1805459 (S.D.N.Y. Apr. 21, 2008, amended Apr. 24, 2008) ("In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done."). But see Abu Dhabi Inv. Auth. v. Citigroup, Inc., No. 12 Civ. 283 (S.D.N.Y. July 2, 2012) (permitting arbitration award and other documents to be filed under seal); DiRussa v. Dean Witter Reynolds, Inc., 936 F. Supp. 104 (S.D.N.Y. 1996), aff'd 121 F.3d 818 (2d Cir. 1997). The existence of a confidentiality

agreement between the parties has not been found dispositive, see Mut. Marine Office, 2009 WL 1025965, at *5, nor has the likelihood of embarrassment to the loser been found to overpower the preference for transparency, see Alexandria Real Estate Equities, 2011 WL 6015646 at *3 (finding the "possibility of future adverse impact on [Respondent's] employment" insufficiently serious and too speculative to warrant sealing the arbitration award).  It may nevertheless be appropriate to redact certain portions of documents that contain trade secrets or other sensitive material. See Faively, 2010 WL 8946362 at *1 (directing parties to refile redacted copies that omit proprietary business information); Scott D. Boras, 2009 WL 3444937 at *1 (same).

    In an effort to rebut the presumption of access, Respondents contend only that they "have a very strong interest in keeping their private information about their employment with a foreign entity confidential," as well as information about their investment history and employee records. (Resp. Reply at 8.)  There are two problems with this position.  First, as a factual matter, the Award is overwhelmingly concerned with Respondents' own claims about their employment contracts and about the aborted carried interest program at Istithmar.  It cannot reasonably be characterized as a font of sensitive

material about Respondents.[1]  Second, and more important, Respondents have not shown why the type of information found in the Award is different or more proprietary than one might find in any other case concerning a contractual or employment dispute.  Summarily, Respondents have fallen far short of meeting their burden of showing why the Award should be sealed.  Accordingly, it will remain on the public docket.

### c.   The Post-Trial Brief

Perhaps because Respondents recognize that their attempt to seal the Award is a long shot, their main request is that the Court allow them to file their post-trial brief from the arbitration in the public docket.  They argue that "[o]ne of the fundamental purposes of agreeing to resolve disputes through confidential proceedings is to protect both sides from the possibility of an award that would cast one party in a negative light." (Cross-Pet. ¶ 30.)  Respondents acknowledge that their post-trial brief contains information marked as confidential by

---

[1] To the extent that Respondents' position is that they wish to conceal the very fact of "their employment with a foreign entity," see Resp. Reply at 8, the Court notes that Respondents' work for Istithmar has been publicized in media reports and press releases, see, e.g., Jonathan Keehner & Serena Saitto, "Dubai's Trail of Dud Deals Shows Sovereign Wealth Gone Awry," Bloomberg, http://www.bloomberg.com/apps/news?pid=newsarchive&sid=aywz2PJu7wf8 (Sept. 14, 2009); Press Release, Istithmar, Istithmar Brings Seasoned Investment Professionals on Board as Co-Chief Investment Officers (Sept. 26, 2006), available at http://www.ameinfo.com/97470.html.

Petitioners, but urge that, essentially, turnabout is fair play. Petitioner opposes Respondents' request on the grounds that the post-trial brief "is filled with irrelevant and impertinent arguments (which the arbitrator rejected) and extensive Confidential Information produced by Istithmar," see Pet'r Reply at 12, and echoed these concerns at oral argument.

Aside from their opinion of the equities in this situation, Respondents offer little of substance to support their request. They provide no precedent for the filing of arbitral post-trial briefs in the docket of the confirming court. Nor do they invoke any rationale more compelling than the desire to see their side of the dispute with Istithmar reflected in the public sphere. The Court declines to allow its docket to be used as a depository to that end. Respondents' request is denied.

### d. Petitioner's Request for Costs and Fees

As noted earlier, Petitioner's answer to the cross-petition (as well as its subsequent reply to Respondents' answer to the original petition) includes a request for "costs and fees incurred in defending against Respondents' baseless claims." (Pet'r Ans. at 7; accord Pet'r Reply at 12.) Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, as a general matter, "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Petitioner's request is therefore granted to the limited extent of the costs associated with commencing the action to confirm the arbitration award. See Aioi Nissay Dowa Ins. Co., 2012 WL 3583176, at *4; Abondolo v. Jerry WWHS Co., 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011); In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc., 420 F. Supp. 2d 223, 227-28 (S.D.N.Y. 2005).

Attorney's fees, however, are not to be awarded absent statutory authority unless the Court determines that opposing counsel has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." E.g., Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. Basf Wyandotte Corp., 74 F.2d 43, 47 (2d Cir. 1985) (citations and internal quotation marks omitted). Petitioner has cited no authority to support its application, and the Court is aware of none. See Fed. R. Civ. P. 54(d)(2); Westchester Fire, 420 F. Supp. 2d at 227-28. Nor does the Court find that Respondents or their counsel have acted in a sanctionable manner. See Abondolo, 829 F. Supp. 2d at 130. Accordingly, the request is denied.

### III.  Conclusion

For the foregoing reasons, Istithmar's unopposed petition to confirm the Award is granted.  Its application for attorney's fees and costs is denied except as to the limited extent

discussed above. Respondents' cross-petition to file their post-trial brief in the public docket, or alternatively to place the Award under seal, is denied as to both requests. The Clerk of Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated:   New York, New York
         January 7, 2013

*/s/ John F. Keenan*
John F. Keenan
United States District Judge